USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9|2|15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :
         - v. -                    :          **INFORMATION**
                                   :
GALEN MARSH,                       :          15 Cr.
                                   :
         Defendant.                :          15 CRM 641
                                   :
- - - - - - - - - - - - - - - - - x

## COUNT ONE
(Exceeding Authorized Access to a Computer)

The United States Attorney charges:

### Background

1.    At all times relevant to this Information, GALEN
MARSH, the defendant, was employed in the private wealth
management division of a multinational bank and financial
services company headquartered in Manhattan (the "Bank"). At
all relevant times, MARSH was employed in the Bank's Manhattan
office, initially as a Customer Service Associate ("CSA") and
then as a Financial Advisor ("FA"). In that capacity, MARSH
worked as part of a group of CSAs and FAs (the "Group") that
provided financial and investment services to particular private
wealth management clients of the Bank. At all relevant times,
other similarly structured groups within the private wealth
management division provided the same services to the Bank's
other private wealth management clients (together with the
Group's clients, the "Clients").

2.   At all times relevant to this Information, the Bank maintained certain computer systems to manage confidential account information (the "Computer Systems") regarding the Clients.  The Bank's Computer Systems contained, among other things, the Clients' names, addresses, and other personal information.  One of the Bank's Computer Systems ("System-1") contained, among other things, details of the Clients' fixed income holdings.  Another of the Bank's Computer Systems ("System-2") contained information reflecting, among other things, the total value of, and the amount of revenue generated by, the Clients' investment accounts at the Bank.

3.   Like other Bank FAs and CSAs, GALEN MARSH, the defendant, was authorized to access the Client information maintained in the Bank's Computer Systems only with respect to Clients of his own Group. At all relevant times, except for certain limited circumstances not relevant to this Information, MARSH, like other Bank FAs and CSAs, was prohibited from accessing information in the Bank's Computer Systems regarding Clients not serviced by his Group. Consistent with the limited authorization given to FAs and CSAs to access the Computer Systems, at all relevant times, the Bank required FAs and CSAs to input certain identification information (the "Identification Numbers") into those systems before Client information in the systems could be accessed.  In particular, to access Client

2

information, each user was required to input unique
Identification Numbers that identified the particular user, as
well as the user's particular branch office and group.  After
inputting the Identification Numbers, the user was able to
access only Client information concerning Clients within the
user's own group.

### Marsh Knowingly Obtained Confidential Client Information Without Permission or Authority

4.    From in or about June 2011 through in or about
December 2014, GALEN MARSH, the defendant, used the Bank's
Computer Systems to access, without permission or authority,
confidential information about certain Clients serviced by FAs
and CSAs outside of his Group.  In order to obtain this
unauthorized access to confidential Client information, MARSH
used, without permission or authority, the Identification
Numbers of other Bank branches, groups, and FAs in the Bank's
Computer Systems.

5.    From in or about June 2011 through in or about
December 2014, GALEN MARSH, the defendant, conducted
approximately 4,000 unauthorized searches of confidential Client
information in System-1.  From on or about January 1, 2014
through on or about December 31, 2014, MARSH conducted
approximately 1,952 unauthorized searches of confidential Client
information in System-2.  In total, without permission or
authority, MARSH obtained confidential information, including

3

names, addresses, telephone numbers, account numbers, fixed-income investment information, and account values, of approximately 730,000 Client Bank accounts (the "Confidential Client Information"). Over a series of dates from in or about June 2011 through in or about December 2014, GALEN MARSH, the defendant, uploaded the Confidential Client Information from the Bank to a personal server at his home in New Jersey.

6.    From at least in or about June 2011 through in or about December 2014, GALEN MARSH, the defendant, knowingly accessed, without permission or authority, the Bank's Confidential Client Information to use for his personal advantage as a private wealth management advisor at the Bank. In addition, from at least in or about October 2013 through in or about December 2014, MARSH was engaged in discussions regarding potential employment with two other financial institutions that are competitors of the Bank.

## Statutory Allegations

7.    From in or about June 2011 through in or about December 2014, in the Southern District of New York and elsewhere, GALEN MARSH, the defendant, intentionally exceeded his authorized access to a computer and thereby obtained information contained in a financial record of a financial institution, the value of which information exceeded $5,000, to wit, MARSH exceeded his authorized access to the Bank's Computer

4

Systems and thereby obtained Confidential Client Information, the value of which exceeded $5,000.

(Title 18, United States Code, Sections 1030(a)(2)(A) and 2.)

## FORFEITURE ALLEGATION

As a result of committing the offense alleged in Count One of this Information, GALEN MARSH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1030(i)(1)(A), any property, real and personal, constituting, or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of the offense, and the defendant's interest in any personal property that was used or intended to be used to commit or to facilitate the offense, including but not limited to the following specific property:

a. One (1) Synology DS211J network attached storage ("NAS") device with serial number B2HCN08755;

b. One (1) Toshiba WL916XBKC3SWA hard drive with serial number 49IVTKVZT;

c. One (1) Lenovo ThinkPad x220 with serial number R9-GPXV4 11/09;

d. One (1) Samsung 830 Series Media Center Server with serial number S0Z3NSAC947261;

e. One (1) Kingston Data Traveler 2.0 USB device with serial number C86000886357CE804A1F375E;

f. One (1) Kingston Data Traveler 2.0 USB device with serial number C8600088614FCE804A2CF387;

g. One (1) Kingston Data Traveler 3.0 USB device with serial number 00190F0C029BBE70D966970A;

5

     h. One (1) Kingston Data Traveler 2.0 USB device with serial number C860008862F1CE805A0F266F; and

     i. Three (3) Western Digital hard drives with the following serial numbers: WCAV90083385, WMAVU3247235, and WCCIT0448276.

### Substitute Asset Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third person;

    (3)  has been placed beyond the jurisdiction of the Court;

    (4)  has been substantially diminished in value; or

    (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 1030(i)(1)(A) and 982, Title 21, United States Code, Section 853.)

*Preet Bharara*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GALEN MARSH,

Defendant.

INFORMATION

15 Cr. ___

(18 U.S.C. § 1030(b)(2)(A) and 2)

PREET BHARARA
United States Attorney.

9-21-15 - Fld. Waiver of Indictment, deft pleads guilty as charged. Snt date set for 12-7-15 @ 10:00. Deft cntld Bail: $200,000 PRB Surrender travel documents, no new applications, intn'l is prohibited, and domestic travel anywhere in the 50 States is permitted. (Domestic travel is not limited to SDNY) (48 Continuous states). JKTD J.